JS 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN VOGEL,<br>Plaintiff,<br><br>v.<br><br>STORAGE EQUITIES, INC.,<br>Defendant. | Case No.: CV 17-667 DSF (Ex)<br><br>Order GRANTING Motion for Partial Summary Judgment and DISMISSING Without Prejudice |

Defendant Public Storage[1] moves for summary judgment on Plaintiff Martin Vogel's First Claim alleging violations of the Americans with Disabilities Act (ADA). Defendant also requests that the court decline to exercise supplemental jurisdiction over the remaining state law claims. Plaintiff does not oppose the motion, Dkt. 37 (notice of non-opposition), and the Court will evaluate it on the merits. See Cristobal v. Siegel, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994). This matter is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for June 18, 2018 is removed from the Court's calendar. For the reasons stated below, the motion is GRANTED and the remaining state law claims are DISMISSED without prejudice.

[1] Public Storage was erroneously sued and served as Storage Equities, Inc. Notice of Mot. at 1.

## I. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "This burden is not a light one." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010). But the moving party need not disprove the opposing party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial. Id. at 323-24; Fed. R. Civ. P. 56(c)(1).

The court views the evidence in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). "[I]f a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied." Id. at 631.

## II. DISCUSSION

### A. Plaintiff's ADA Claim is Moot

Title III of the ADA prohibits discrimination on the basis of disability in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Discrimination under the ADA includes the "failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv). The ADA provides for injunctive relief and attorneys' fees only. Id. §§ 2000a-3, 12188(a)(1); Oliver v. Ralphs

Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011). Thus, "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting [an] ADA claim." Oliver, 654 F.3d at 905.

Plaintiff is a paraplegic who relies on a wheelchair for travel. UF ¶ 1.[2] Plaintiff filed his Complaint on January 27, 2018, alleging he visited the Newport Mesa Plaza Shopping Center on an unspecified date. Id. ¶ 2; Compl. ¶ 10. He asserts he was denied full and equal enjoyment of the shopping center due to Defendant's failure to, among other things, remove architectural barriers—impermissibly steep slopes and cross-slopes in the disabled parking spaces and access aisles—in violation of the ADA. UF ¶ 2; Compl. ¶¶ 10, 16-32. The undisputed facts demonstrate, however, that the shopping center's disabled parking spaces and access aisles currently meet current ADA and California Building Code (CBC) accessibility standards because they do not exceed a two percent slope. UF ¶ 3; Dkt. 35-3, Declaration of Ron Johnson[3] (Johnson Decl.) ¶ 6, Ex. 1 (Johnson Rep.); see 2010 ADA Standards 502.4 ("Slopes not steeper than 1:48 shall be permitted."); 2016 CBC 11B-502.4 (same).

Plaintiff's claim for relief under the ADA is moot; Defendant's motion for summary judgment on the ADA claim therefore is GRANTED.

---

[2] UF refers to Defendant's Statement of Uncontroverted Facts. Dkt. 35-4.

[3] Ron Johnson is a California state Certified Access Specialist with 36 years of construction industry experience. Johnson Decl. ¶ 1. Johnson visited the Newport Mesa Shopping Center on February 25, 2018, took measurements, and prepared a Site Accessibility Evaluation report. Id. ¶ 5, Ex. 1.

**B. The Court Declines to Exercise Supplemental Jurisdiction**

Having dismissed Plaintiff's only federal claim, the Court declines to exercise supplemental jurisdiction because the balance of the equities does not "tip in favor of retaining the state-law claims." Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010); 28 U.S.C. § 1367(c)(3); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). The state claims are DISMISSED without prejudice. See Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989) ("When, as here, the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice.").

**III. CONCLUSION**

Defendant's motion for summary judgment on Plaintiff's ADA claim is GRANTED, and the remaining state law claims are DISMISSED without prejudice.

IT IS SO ORDERED.

Date: June 12, 2018

Dale S. Fischer
United States District Judge